## RADIO CORPORATION OF AMERICA v. R. C. A. RUBBER CO.

Civ. No. 26232.

United States District Court
N. D. Ohio, E. D.
May 26, 1949.

344

---

Dwight Parsons, L. M. Buckingham, Akron, Ohio, for plaintiff.

Robert Guinther, Slabaugh, Guinther & Pflueger, Akron, Ohio, for defendant.

JONES, Chief Judge.

This is a petition for a permanent injunction restraining defendant from using the name "R-C-A" in its business, it being alleged that continued use of those letters in defendant's name is an unfair trade practice which deceives the public and threatens plaintiff with irreparable injury.

Defendant has filed an answer admitting and denying various allegations in the petition. Defendant says in its answer that it was organized in 1931 by three men whose surnames were Reiss, Crisp and Allen, hence the name R-C-A. Defendant further asserts that plaintiff is barred from relief because of laches, inasmuch as plaintiff has known of defendant's use of the initials R-C-A for seventeen years but has taken no legal action until this petition was filed in March, 1949.

Plaintiff has filed a motion to strike all of paragraph 1 of the answer except the first sentence and to strike paragraph 6 of the answer on the grounds that the matters stated therein are insufficient defenses. Rule 12(f), Federal Rules of Civil Procedure, 28 U.S.C.A.

1. The law clearly is in plaintiff's favor with respect to its contention that the fact that defendant's corporate name may have been derived from the first letters of its organizers names is of no merit as a defense in this action. Great Atlantic & Pacific Tea Co. v. A. & P. Radio Stores, Inc., D.C., E.D., Pa.1937, 20 F.Supp. 703, cited by plaintiff, has a factual background quite similar to the case now being considered. In the Tea Company case, the defendant corporation was organized and managed by two men named Aronberg and Podolsky. Using the first letter of each name, defendant's corporate name was "A. & P. Radio Stores, Inc." The court held it was obvious that the purpose of defendant's incorporators was not to acquaint the public with the fact that these men were interested in its business; that had this been their purpose their names would have been used. On the contrary, their intention was held clearly to have been to appropriate whatever value they could of the plaintiff's tradename "A. & P." and to excuse this action on the ground that those initials represented their own surnames. This was held not a sufficient excuse under the circumstances. But defendant attempts to show that the Tea Company case, and others cited by plaintiff, are inapplicable here because they are "trade-mark instead of trade-name cases."

A trade mark may be registered under Title 15 U.S.C.A. and is defined by Hopkins on Trademarks, Tradenames and Unfair Competition, 3rd Ed. as "a distinctive name, word, mark, emblem, design, symbol or device, used in lawful commerce to indicate or authenticate the source from which has come, or through which has passed, the chattel upon or to which it is applied or affixed." Id. p. 4. A tradename is broadly defined by Hopkins as including "all business names; while in the expression 'trademarks and tradenames' it means all business names which are not technical trademarks." Id. p. 10.

However, defendant does not show of what significance a distinction or difference between trademarks and tradenames would have upon plaintiff's cause of action and the alleged insufficient defense. Since this is not an action under the trademark statutes but is a petition for equitable relief from unfair competition, plaintiff rightly asserts that the trademark-tradename discussion of de-

fendant presents "a distinction without a difference."

Plaintiff's motion to strike all of paragraph 1 but the first sentence of the answer will be sustained on the ground that the expressions therein are, in this case, insufficient as a defense and are otherwise immaterial.

2. On the matter of laches, defendant again raises the tradename-trademark distinction.

In McLean v. Fleming, 96 U.S. 245, 24 L.Ed. 828, the Supreme Court held that "inexcusable laches" in bringing an action to enjoin infringement of his trademark barred plaintiff from a decree for gains and profits but that, "infringement having been proven, showing that the injunction was properly ordered, he is entitled to the costs in the Circuit Court." Id., 96 U.S. at page 258, 24 L.Ed. 828.

But see Menendez v. Holt, 128 U.S. 514, 523, 9 S.Ct. 143, 32 L.Ed. 526, where Mr. Chief Justice Fuller held that an injunction against the infringement of a trademark will not be denied on the ground that mere procrastination in seeking redress for depredations had deprived the true proprietor of his legal right.

Modern decisions seem to support the view that an injunction will be granted where the use of the letters or abbreviations is calculated or intended to mislead the public.

Inasmuch as plaintiff does not ask for an accounting of profits derived from the alleged wrongful use of its trademark or tradename, but seeks only injunctive relief against further use of the letters R-C-A, the authorities seem to sustain plaintiff's position that laches is not a sufficient defense in a case of this character, and therefore the second branch of plaintiff's motion also will be sustained.